# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Treyshawn Kerby-Mason,

     Plaintiff(s),

v.

Green Valley Little League, Inc., et al.,

     Defendant(s).

Case No. 2:25-cv-02329-APG-EJY

**Order**

[Docket No. 15]

On November 26, 2025, the Court set an early neutral evaluation for February 9, 2026. Docket No. 6. The Court ordered that any request to change that date must be filed within 14 days absent unexpected circumstances arising, such as illness. *See id.* at 1 n.1. At the time that order was issued, Plaintiff's counsel was apparently aware of a potential conflict with an arbitration, but counsel chose not to alert the Court to that conflict because the circumstances were such that the arbitration was maybe going to be canceled or rescheduled. Docket No. 15. It turns out that the arbitration actually remains scheduled for the same day as the early neutral evaluation. With a little more than a week to go, the parties now stipulate to continuing the early neutral evaluation on the ground that Plaintiff's counsel prioritize attending the arbitration that had previously been in limbo. *See id.*[1] At this late date, the Court is not available on the new dates proposed in the stipulation and, in fact, the Court no longer has any calendar availability within the 90 days since Defendant's first appearance. *Cf.* Local Rule 16-6(d). Moreover and significantly, the parties have filed a statement that suggests holding an early neutral evaluation would most likely be an unfruitful endeavor. *See* Docket No. 16.

---

[1] There are several potholes in this road, including no explanation as to why a federal court proceeding would take a backseat to a private arbitration and why none of Plaintiff's multiple attorneys could attend the early neutral evaluation. At any rate, the parties have effectively delayed themselves out of an early neutral evaluation given the default 90-day timeframe and the Court's limited remaining availability.

Given the circumstances, the stipulation to continue the early neutral evaluation is **DENIED**.  The Court exempts this case from the early neutral evaluation process.  *See* Local Rule 16-6(c).  The early neutral evaluation is **VACATED**, and the Clerk's Office is **INSTRUCTED** to remove the ENE flag and remove the undersigned as the settlement judge.

IT IS SO ORDERED.

Dated: January 29, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

2